IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-23666

INTEGRITY MEDICINALS, LLC,
a Florida limited liability company,

        Plaintiff,

v.

SOMBRA COSMETICS, INC.,
a New Mexico corporation,

        Defendant.
_____/

## COMPLAINT

Plaintiff, INTEGRITY MEDICINALS, LLC, a Florida limited liability company ("Integrity"), sues Defendant, SOMBRA COSMETICS, INC., a New Mexico corporation, and alleges:

### Parties

1.    Plaintiff, Integrity, is a Florida limited liability company with its headquarters in Miami-Dade County, and is engaged in the business of developing, marketing, supplying, and selling hand sanitizing products and other consumer products.

2.    Defendant, Sombra, is a New Mexico corporation with its principal place of business located in Albuquerque, New Mexico.

### Jurisdiction and Venue

3.    This is an action for damages for, *inter alia*, absconding with hand sanitizer bottles belonging to Integrity, in excess of $75,000 and is otherwise within the jurisdiction of this Court.

4. Subject matter jurisdiction is based on complete diversity, namely, 28 U.S.C. §§ 1332 and 1367.

5. The Court has personal jurisdiction over Defendant Sombra because it breached a contract in Florida by failing to perform acts required by the contract to be performed in Florida and, by and through soliciting and engaging in sales of its products in and to its residents, is otherwise engaged in substantial and not isolated activity in Florida.

6. Venue is proper in this judicial district because Integrity resides in the Southern District of Florida and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

**Facts Common to All Claims**

7. Defendant manufactures and sells "wellness products," including hand sanitizer.

8. From May through September 2020, Integrity placed various orders with Defendant to supply hand sanitizer in bulk totes and 8-oz. bottles.

9. Defendant, however, because of supply shortages during the pandemic, was unable to secure empty 8-oz. bottles to fill Integrity's purchase orders.

10. But Integrity was able to supply large quantities of empty bottles.

11. Therefore, Integrity supplied its own empty 2 oz. and 8 oz. bottles and closures to Defendant to fill with hand sanitizer (the "Integrity-Supplied Bottles") in fulfillment of Integrity's existing and potentially future purchase orders.

12. All Integrity-Supplied Bottles were delivered to, received and inventoried by Defendant, and stored initially in Defendant's first secure warehouse and then moved to its second secure warehouse.

13. Defendants confirmed receipt of all of the Integrity-Supplied Bottles.

14. The parties agreed that the Integrity-Supplied Bottles would be stored in Defendant's warehouse free of any charge to Integrity.

15. The Integrity-Supplied Bottles were of high quality.

16. Integrity also supplied a quantity of 275 gallon totes (the "Totes") used for shipping bulk hand sanitizer.

17. Accordingly, and apart from the bottles it was storing in its warehouse to fulfill Integrity's purchase orders, Defendant purchased empty bottles from Integrity to be used to supply other of Defendant's customers.

18. Defendant also purchased the Totes from Integrity.

19. The relationship began to go awry, almost from inception, as Defendant failed to timely ship product, and/or shipped product inferior to that which Defendant had previously represented it would provide.

20. The relationship further deteriorated when Defendant unilaterally and without notice, warning, or negotiation, refused to pay the agreed-upon price for the Totes.

21. In the Spring of 2021, one of Defendant's sales agents introduced Defendant to a contact at the State of New Mexico Corrections Department, which was in need of 8-oz bottles of hand sanitizer.

22. Seizing the opportunity, but upon information and belief without a sufficient quantity of its own empty bottles, Defendant used the Integrity-Supplied Bottles – the ones it was storing in its warehouse to fulfill Integrity's future purchase orders-- to fill the orders placed by the Corrections Department and others.

23. Subsequently, Defendant contacted Integrity inquiring about the Integrity-Supplied Bottles, offering to "dispose" of them.

24. Integrity informed Defendant that it would arrange to have the Bottles shipped back to Integrity unless Defendant desired to purchase them.

25. Defendant confirmed the inventory of Integrity-Supplied Bottles in its possession and suggested an interest in purchasing them if offered a "very good price."

26. Subsequently, Integrity notified Defendant that it would arrange to have its Bottles returned to it.

27. Defendant reconfirmed the quantity and detail of the Integrity-Supplied Bottles in its warehouse, all of which were being held on Integrity's behalf.

28. Having used some, if not all, of Integrity's high-quality Bottles to fill orders placed by other customers, including the New Mexico Corrections Department, Defendant scrambled to send back to Integrity whatever it could get its hands on.

29. It sent a truckload of junk.

30. The bottles Defendant sent back to Integrity were not the 2 oz. and 8 oz. bottles that Integrity shipped to Defendant and that Defendant confirmed it received.

31. Instead, Defendant shipped a truckload of odd-sized, un-usable junk.

32. On September 10, 2021, Integrity sent Defendant Invoice No. 3896 in the amount of $159,368 (the "Invoice"), a true and correct copy of which is attached hereto as **Exhibit A,** which lists the Integrity-Supplied Bottles with which Defendant absconded, or used to supply hand sanitizer to other customers, and other associated costs.

33. By email dated September 28, 2021, a true and correct copy of which is attached hereto as **Exhibit B**, Defendant, desperate to get out from under its malfeasance, concocted a story that it had never received any documentation concerning the nature or quantity of Integrity-Supplied Bottles in its possession.

34. Worse, Defendant fabricated that, contrary to the parties' agreement, Integrity owes it $160,000 in storage fees, which is miraculously about the same amount as the Invoice for commandeered goods that Integrity had sent to Defendant.

35. By reply email, Integrity rejected Defendant's fabrications and demanded full payment of the Invoice. See Exhibit B.

36. On October 14, 2021, Integrity sent a civil theft letter to Defendant under Fla. Stat. § 772.11 demanding payment in the amount of $447,804, which represents treble the $149,268 value of empty 2 oz. and 8 oz. bottles and closures with which Defendant absconded.

37. In the event Defendant refuses to comply with the civil theft letter, Integrity intends to seek leave to amend its Complaint accordingly.

## COUNT I
## Breach of Oral Agreement

Integrity reasserts paragraphs 1-37 as though set forth in full herein.

38. The parties entered into an oral agreement, evidenced as well by their course of conduct and dealings, wherein Integrity agreed to place orders for hand sanitizer and Defendant agreed to fill those orders and store the Integrity-Supplied Bottles, at no charge, to be used solely to fill Integrity's purchase orders.

39. Defendant breached the agreement by absconding with the Integrity-Supplied Bottles.

40. As a result, Integrity has been damaged by at least $159,368.

## COUNT II
### Conversion

Integrity reasserts paragraphs 1-37 as though set forth in full herein.

41. Defendant committed acts of dominion over the Integrity-Supplied Bottles inconsistent with and adverse to Integrity, the true owner of them.

42. Integrity demanded the return of the Integrity-Supplied Bottles, but, by absconding with them, Defendant has failed to comply with that demand and has permanently deprived Integrity of its property.

## COUNT III
### Unjust Enrichment

Integrity reasserts paragraphs 1-37 as though set forth in full herein.

43. Integrity conferred a benefit on Defendant, namely, a large supply of Integrity-Supplied Bottles.

44. Defendant is aware of the benefit conferred and voluntarily accepted it.

45. It would be inequitable for Defendant to retain this benefit without paying the value thereof to Integrity.

WHEREFORE, Plaintiff, Integrity, while reserving the right to amend this Complaint in 30 days to add a claim for civil theft under Fla. Stat. § 772.11 demanding payment in the amount of $447,804 plus attorneys' fees, hereby currently demands a judgment against Defendant in the amount of $159,368 plus pre- and post-judgment interest, plus attorneys' fees and costs, and such other and further relief as the Court deems appropriate.

Dated:  October 18, 2021 Respectfully submitted,

By: */s/ Matthew S. Nelles*
Matthew S. Nelles
Florida Bar No. 009215
mnelles@nklawflorida.com
Adriana Kostencki
Florida Bar No. 84507
akostencki@nklawflorida.com
NELLES KOSTENCKI, PLLC
Corporate Center
110 E. Broward Boulevard, Suite 670
Fort Lauderdale, FL  33301
O:  (954) 246-4800; F:  (954) 246-4900
*Attorneys for Plaintiff Integrity*